Jacob Mabkowitz, P. J.
(dissenting in part). The bedroom set in question was purchased under a retail installment contract ; and the set was replevied for defendant’s default under that contract. The purchase price of the bedroom set was $699.48; at the time of the commencement of the replevin action defendant had paid a total of $339.48 on account of the purchase price.
*76 Defendant was given seven days’ notice of the application for the writ of replevin and of her right to be heard on that application. On the return date of the application defendant defaulted.
Her motion for the return of the bedroom set was made under CPLR 7103 (subd. [c]). That section reads in pertinent part:
“ (c) Returning chattel. 1. If a chattel which is in the custody of the sheriff is personal property which if owned by a defendant would be exempt from application to the satisfaction of a money judgment, if the value-of the possession of the chattel to the defendant is greater than the value of its possession to the plaintiff, if the interest of the plaintiff would not thereby be prejudiced and if the interests of justice so require, upon motion of the defendant, upon notice to the sheriff and to all parties to the action, and on such terms and on such security and conditions as to the court may seem proper, the court may order its return to the defendant.” (Emphasis supplied.)
It will be observed that the only property which may be ordered returned under CPLR 7103 (subd. [c]) is a chattel exempt from application to the satisfaction of a money judgment.
Personal property exempt from application to the satisfaction of money judgments is governed by CPLR 5205. In two subdivisions CPLR 5205 expressly excepts from its provisions a judgment “ for the purchase price of the exempt property” (CPLR 5205, subds. [a], [b]).
Since the bedroom set in suit was replevied for defendant’s failure to pay for the set, it was not exempt from application to the satisfaction of a money judgment for its purchase price. Hence, it may not be ordered returned under CPLR 7103 (subd. [c]).
This is particularly so inasmuch as defendant has paid less than 50% of the purchase price. Accordingly, I find no occasion to reach the issue of prejudice to plaintiff referred to in the Per Curiam.
I therefore dissent from the modification and vote to affirm.
Qttixn' and Lupiano, JJ., concur in Per Curiam opinion; Markowitz, P. J., dissents in part in memorandum.
Order modified, etc.